# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| DORA A. BOUDREAUX, TRUSTEE FOR ALZEC J. AUTIN REVOCABLE LIVING TRUST | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-3211 |
| U.S. FLOOD CONTROL CORP. | SECTION: "S" (4) |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 43)** filed by the Plaintiff, Dora A. Boudreaux, Trustee, for Alzec J. Autin Revocable Living Trust (hereinafter "Boudreaux") in compliance with the Court's Order (R. Doc. 42), which granted in part and denied in part Boudreaux's Motion To Compel Discovery. (R. Doc. 25). In the subject motion, Boudreaux seeks the recovery of attorney fees in the amount of $1,250.00. (R. Doc. 43-2). The Defendant, U.S. Flood Control Corporation ("U.S. Flood") opposes the motion. (R. Doc. 44). The motion was heard without oral argument on Wednesday, December 24, 2008.

### I.  Background

Boudreaux filed the subject action, contending that U.S. Flood trespassed on her property when it stored bladders for the South Lafourche Levee. She contends that U.S. Flood not only trespassed on the subject property, but also damaged the property by destroying the land and trees on the premises and illegal excavating portions of the property.

On September 16, 2008, Boudreaux filed a Motion to Compel responses to her discovery. (R. Doc. 25). The motion was granted on December 9, 2009, and the undersigned instructed

Boudreaux to file a motion to fix attorney's fees. (R. Doc. 42). On December 11, 2009, Boudreaux complied with the Court's Order and filed the instant motion. (R. Doc. 43).

U.S. Flood opposes the award of fees, noting that it responded and supported the defense of its objections. (R. Doc. 44, p. 1). U.S. Flood also contends that it incurred fees which should be offset by the fees awarded to the movant. (R. Doc. 44), pp. 1-2). Thus, it insists that the fee award should be offset by the fees it incurred in defending its position.

## II.     **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

"by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Calculating a Reasonable Hourly Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In the instant case, it is uncontested that the relevant community here is the legal market in New Orleans, Louisiana.

The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than an affidavit of the attorney performing the work. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 896 n.11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley v. Eckerhart,* 461 U.S. 424, 439 n. 15 (1983).

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman,* 836 F.2d at 1299.

In support of her motion, Boudreaux submitted the affidavit of her attorney, Regel L. Bisso ("Bisso"). (R. Doc. 43-3). Bisso attests that he is counsel of record for Boudreaux. He indicates that he has been admitted to practice law in the state of Louisiana since 1979. (R. Doc. 43-3). Bisso also attached a copy of his Curriculum Vitae, wherein he indicates that he graduated from Loyola University New Orleans College of Law in 1979 and was a member of the Loyola Law Review. (R. Doc. 43-4, Ex. A). He also states that he has been accepted as an expert in real estate

law by a Louisiana State District Court and has handled previous trespass cases. (R. Doc. 43-3, p. 1).

Bisso avers that his hourly billable rate is $200.00 per hour. (R. Doc. 43-2, p. 1). According to Bisso, his rates are comparable to other New Orleans attorneys who perform similar work. (R. Doc. 43-2, p. 1).

In considering the issue of whether the rate charged is reasonable, the Court looks to case law regarding similarity of years of experience. For example, in *Orrill v. Mortgage Electronic Registration Systems,* the undersigned awarded an hourly rate of $200 per hour for an attorney with 12 years of experience. No. 06-10012, 2008 WL 4861994 (E.D. La. Nov. 7, 2008) (Roby, M.J.) Likewise, in *Creecy v. Metropolitan Property and Casualty Insurance Co.*, the undersigned awarded an hourly rate of $200.00 to an attorney with 11 years of experience. No. Civ. A. 06-9307, 2008 WL 553178 (E.D. La. Feb. 28, 2008) (Roby, M.J.). Considering the market rate in Louisiana as demonstrated by a review of other cases involving attorneys with similar year of experience, the Court finds that $200.00 per hour is a reasonable billing rate for Bisso.

**B.     Determining the Reasonable Hours Expended**

The party seeking attorneys' fees must present adequately documented time records to the court. *Watkins v Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative, or inadequately documented should be excluded from any award of attorney's fees. *Raspanti v. United States Dept. of the Army,* Civ. A. 00-2379, 2001 WL 1081375, at *6 (E.D. La. Sept. 10, 2001). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). The fee seeker's attorneys

5

are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, . . . proving that they exercised billing judgment." *Walker,* 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley,* 461 U.S. at 434.

Upon review of the time sheets submitted by Bisso, the Court notes that he submitted time entries totaling 7.00 hours for the work associated with filing, preparing, and pursuing the Motion to Compel. (*See* R. Doc. 43-5, Ex. B, Extract of Billing). When calculated at Bisso's regular billing rate of $200.00 per hour, the total fees charged should equal $1,400.00. The Court, however, notes that Bisso exercised billing judgment with respect to certain entries.[2] Specifically, it appears that the billing extract eliminates charges for 0.75 hours of time expended during three telephone conferences regarding the motion to compel. Thus, the remaining 6.25 hours, when calculated at a rate of $200.00 yield the $1,250.00 figure requested by Boudreaux.

Notwithstanding this exercise of billing judgment, the Court is of the opinion that the 1.25 hours of time spent on September 15, 2008 completing legal research, drafting the motion to compel, and preparing the notice of hearing and memorandum in support is excessive. Therefore, the Court reduces that time entry to 0.70 hours, a more reasonable amount. In light of the foregoing, the Court grants Boudreaux's request for fees as follows: Boudreaux is awarded a total of $1,140.00 for 5.70 hours expended by its attorney, Bisso, in connection with the motion to compel and the motion for attorney's fees, calculated at a rate of $200.00 per hour.

---

[2] *See* Entries dated 7/28/08, 12/1/220, and 12/10/2008.

C.  **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.  Therefore, the Court awards Boudreaux a total of $1,140.00 for 7.00 hours spent by Bisso on the subject motions.

IV.  **Conclusion**

Accordingly,

**IT IS ORDERED** that Dora A. Boudreaux, Trustee for Alzec J. Autin Revocable Living Trust's **Motion to Fix Attorney's Fees (R. Doc. 19)** is hereby **GRANTED**.  The Court finds that a total fee award of **$1,140.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that U.S. Flood Control Corporation shall satisfy its obligation to Boudreaux no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 27th day of March 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**