# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DORA A. BOUDREAUX, TRUSTEE FOR THE ALZEC J. AUTIN REVOCABLE LIVING TRUST** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3211** |
| **U.S. FLOOD CONTROL CORP.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Objections to Magistrate Ruling, filed by Dora A. Boudreaux, Trustee for the Alzec J. Autin Revocable Living Trust (Doc. #92) are **SUSTAINED**, and the matter is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

## BACKGROUND

This matter comes before the court on objections to the magistrate judge's ruling filed by plaintiff, Dora Boudreaux, Trustee for the Alzec J. Austin Revocable Living Trust (the "Trust"). Plaintiff appeals the magistrate judge's ruling that denied her motions for leave to file a second and a third amended complaint.

Plaintiff is a Louisiana citizen. The Trust owns property located at Tract 22 of the Antoine Galliano Subdivision located in Galliano, Parish of Lafourche, State of Louisiana ("Tract 22"). Defendant, U.S. Flood Control Corp. ("U.S. Flood") owns large industrial rubber bladders which, when filled, form a temporary levee system. U.S. Flood leases and sells the bladders to entities that need emergency, temporary flood protection from hurricanes and storm serges.

In 2006, Toby Champagne ("Champagne") was employed by U.S. Flood as its local representative in Lafourche Parish, Louisiana. Champagne, a Louisiana citizen, resided in a trailer adjacent to Tract 22. In November 2006, plaintiff learned that U.S. Flood's bladders were on Tract 22. When she went to investigate, Champagne told her that he was conducting experiments with the bladders for his employer.

On May 6, 2007, plaintiff filed suit alleging that U.S. Flood, through the actions of its local employee, Champagne, it entered Tract 22 without her consent and stored bladders which were to be used on the South Lafourche Levee in the Tenth Ward of the Parish. Plaintiff contends that U.S. Flood trespassed upon her property and converted it for commercial use. She also claims that U.S. Flood intentionally and continuously caused extensive damage to Tract 22 by removing land and trees by illegally excavating the property to store the bladders. Additionally, plaintiff alleges that she is entitled to three times the market value of the lost trees, attorneys fees, and legal interest, because U.S. Flood failed to pay her damages within 30 days of her making a demand upon U.S. Flood.

U.S. Flood filed a motion for summary judgment, arguing that it cannot be held vicariously liable for Champagne's trespass, because Champagne was not acting within the course and scope

of his employment when he committed the alleged trespass. After U.S. Flood filed its motion for summary judgment, plaintiff sought leave to file a second and a third amended complaint. First, she sought to add Champagne as a defendant in his capacity as an employee of U.S. Flood. Then she sought to add Champagne as a defendant in his individual capacity. The magistrate judge denied plaintiff's motions for leave, finding that she was unreasonably dilatory in seeking the amendments because plaintiff was aware of Champagne's involvement in the alleged incidents at the time she filed suit in 2007. Plaintiff appealed the magistrate judge's ruling. In support of her appeal, plaintiff argues that she will be significantly injured if she is not permitted to add Champagne as a defendant because U.S. Flood is denying that it is vicariously liable for Champagne's actions. U.S. Flood opposes the motion.

**ANALYSIS**

**1.    Plaintiff's Appeal of the Magistrate Judge's Ruling**

    **A.    Legal Standard**

An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C.A. § 636(b)(1)(A) (West 2009).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the

3

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Wright v. Allstate Ins. Co., 415 F.3d 384 (5 th Cir. 2005) (quoting Foman v. Davis, 83 S.Ct. 227, 230 (1962)).

When a case has been removed from state court, and "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). Further, in this situation, the court "should scrutinize the amendment more closely than an ordinary amendment" and "leave should be denied unless there exist strong equities in favor." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Also, the court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. Id. Leave should be granted when joinder of the non-diverse party will facilitate a just and efficient resolution of the suit, but denied if the joinder is sought only to defeat diversity. Id.

### B. Plaintiff's Appeal of the Magistrate Judge's Ruling

The magistrate judge employed the above-discussed principals and denied plaintiff's motions for leave to file amended complaints. The magistrate judge found that plaintiff did not seek the amendment to defeat diversity jurisdiction. The magistrate judge also found that plaintiff was unreasonably dilatory in seeking the amendment because she knew about Champagne's involvement in the alleged incident when she filed suit in May 2007 and waited two years and five months to seek

to add him as a defendant. Additionally, the magistrate judge found that plaintiff would not be significantly harmed if Champagne were not added as a defendant because he is not an indispensable party. Further, the magistrate judge found that allowing the amendments would be unfair to U.S. Flood because U.S. Flood has been litigating the case and conducting discovery in federal court for over two years and would have to begin the process again in state court if the amendments were permitted.

Plaintiff appeals the magistrate judge's ruling arguing that she must be permitted to add Champagne as a defendant because U.S. Flood denies that Champagne was acting in the course and scope of his employment when he committed the alleged trespass. Plaintiff argues that if U.S. Flood is successful in its attempts to divorce itself from Champagne's actions, she will not have anyone to hold accountable unless Champagne is added as a defendant. Plaintiff contends that the proposed amendments were not dilatory because the suit was filed by a different attorney than the one now representing her, Champagne admitted that he was working for U.S. Flood and that the bladders belonged to U.S. Flood, and she had no reason to believe that U.S. Flood would argue that it is not liable for its employee's actions until U.S. Flood presented that argument in its motion for summary judgment.

U.S. Flood argues that plaintiff's proposed amendments were dilatory because she was granted leave to amend her complaint on July 8, 2008, and did not attempt to add Champagne as a defendant at that time. U.S. Flood also argues that plaintiff obviously knew of Champagne's involvement in the alleged trespass because she filed a criminal complaint against him in Lafourche Parish. Additionally, U.S. Flood contends that plaintiff was aware that it intended to deny liability

for Champagne's alleged actions because it did so in its answer. Further, U.S. Flood points out that Champagne testified in July and August 2009 that he had been entering plaintiff's property with bulldozers before he was employed by U.S. Flood. U.S. Flood contends that plaintiff would not be harmed by denial of the amendments because she seeks to hold U.S. Flood liable, not Champagne, because she could have sued Champagne from the beginning and chose not to do so.

The magistrate judge erred in finding that plaintiff would not be significantly harmed if Champagne were not added as a defendant. The record reflects that U.S. Flood denies liability for Champagne's actions and plaintiff should be permitted to pursue her claims against Champagne and U.S. Flood in the same action. Because the addition of Champagne, a Louisiana citizen, as a defendant destroys diversity subject matter jurisdiction, this matter must be remanded to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana. Remand does not impose an undue prejudice upon U.S. Flood because any discovery that has been conducted under the federal rules can be still be used in state court after remand.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objections to Magistrate Ruling, filed by Dora A. Boudreaux, Trustee for the Alzec J. Autin Revocable Living Trust (Doc. #92) are **SUSTAINED**, and the matter is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

New Orleans, Louisiana, this 26th day of February, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**